IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDWARD MACCHIONE, *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civil No.: BPG-18-766 |
| THOR MOTOR COACH, INC., *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

The above-referenced case was referred to the undersigned for all proceedings with the consent of the parties, pursuant to 28 U.S.C. 636(c) and Local Rule 301.4. (ECF No. 38). Two motions are currently pending: 1) defendants' Motion in Limine to Exclude Plaintiffs' Expert Harold A. Schwartz, P.E. ("Motion in Limine") (ECF No. 74), plaintiffs' Response in Opposition to Defendants' Motion in Limine to Exclude Plaintiffs' Expert Harold A. Schwartz, P.E. ("Opposition to Motion in Limine") (ECF No. 82), and Reply to plaintiffs' Opposition to defendants' Motion in Limine to Exclude plaintiffs' Expert Harold A. Schwartz, P.E. ("Reply to Motion in Limine") (ECF No. 84); and 2) defendants Thor Motor Coach, Inc. and Delmarva RV Center's Motion for Summary Judgment ("Motion for Summary Judgment") (ECF No. 75), Answer of plaintiffs, Edward and Mary Macchione, to defendants, Thor Motor Coach, Inc. and Delmarva RV Center's, Motion for Summary Judgment ("Opposition to Motion for Summary Judgment") (ECF No. 83), and Reply to plaintiffs' Opposition to defendants' Motion for Summary Judgment ("Reply to Motion for Summary Judgment") (ECF No. 85). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, defendants' Motion in

Limine to Exclude Plaintiffs' Expert Harold A. Schwartz, P.E. (ECF No. 74) is DENIED and defendants Thor Motor Coach, Inc. and Delmarva RV Center's Motion for Summary Judgment (ECF No. 75) is DENIED.

## I.   BACKGROUND

On or about November 8, 2013, plaintiffs Edward and Mary Macchione purchased a recreational vehicle ("RV") from defendant Thor Motor Coach, Inc. (ECF No. 83 at 1). Between 2013 and 2015, plaintiffs sought repair services from defendant Delmarva RV Center multiple times with respect to the RV's exterior step that extended when the RV door opened. (ECF No. 83-4 at 58:12-14, 59:1-4). On or about January 5, 2015, plaintiff Edward Macchione entered and exited the RV multiple times. (ECF No. 83-4 at 30:20-22). Mr. Macchione suffered injuries when, while exiting the RV, he fell, "struck his head[,] and was rendered unconscious." (ECF No. 2 ¶ 10). Plaintiffs allege that the RV's exterior step malfunctioned and did not extend when Mr. Macchione opened the RV door, causing his fall and subsequent injuries. (ECF No. 83 at 3).

On January 3, 2018, plaintiffs filed suit against defendants in the Circuit Court of Maryland for Kent County. (ECF No. 2). Plaintiffs asserted six claims: Count I – negligence against defendant Delmarva RV Center; Count II – negligence against defendant Thor Motor Coach, Inc.; Count III – breach of warranty against defendant Thor Motor Coach, Inc.; Count IV – strict liability against defendant Thor Motor Coach, Inc.; Count V – negligence against defendant Lippert Components, Inc.;[1] and Count VI – loss of consortium. (Id.) Plaintiffs seek damages in an amount

---

[1] Defendant Lippert Components, Inc. was voluntarily dismissed from this suit on November 22, 2019. (ECF No. 64).

2

greater than $75,000.00.  (Id.)  Plaintiffs voluntarily withdrew their breach of warranty claim. (ECF No. 83 at 8).  Therefore, Count III – breach of warranty is dismissed with prejudice.

On March 14, 2018, defendants filed a Petition for Removal to this court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  (ECF No. 1).  Discovery related to liability closed on December 23, 2019, and thereafter, the pending Motions and related pleadings were filed.

## II.     MOTION IN LIMINE

Defendants argue that plaintiffs' expert, Harold A. Schwartz, P.E., should be excluded from testifying at trial pursuant to Federal Rule of Evidence 702(b) because his testimony lacks an adequate factual basis.  (ECF No. 74-1 at 14-17).  Rule 702(b) provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the testimony is based on sufficient facts or data."  Fed. R. Evid. 702(b).  The Supreme Court's ruling in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), further clarifies and elaborates on this Rule, stating that "[t]he focus [of the court's decisions to exclude expert testimony pursuant to Rule 702] must be solely on principles and methodology, not on the conclusions that they generate."  Id. at 594-95.[2]  While Rule 702 requires the court to act as the gatekeeper to "make certain that an expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field,"

---

[2] The Daubert standard is flexible, but some factors that may be considered when assessing expert testimony under Rule 702 include: "(1) whether the particular scientific theory 'can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) the 'known or potential rate of error'; (4) the 'existence and maintenance of standards controlling the technique's operation'; and (5) whether the technique has achieved 'general acceptance' in the relevant scientific or expert community."  United States v. Crisp, 324 F.2d 261, 266 (4th Cir. 2003) (quoting Daubert, 509 U.S. at 593-94).

Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 200 (4th Cir. 2001), "the court does not weigh the evidence relied upon by an expert," as the weight accorded to any evidence is the province of the jury. McGreevy v. Stroup, No. SHR-01-1461, 2003 WL 27374140, at *5 (M.D. Pa. June 17, 2003). "The party seeking admission of the expert testimony bears the burden of establishing admissibility by a preponderance of the evidence." Fireman's Fund Ins. Co. v. Tecumseh Prods. Co., 767 F. Supp. 2d 549, 553 (D. Md. 2011) (citing Higginbotham v. KCS Intern., Inc., 85 F. App'x 911, 916 (4th Cir. 2004)).

Defendants argue that plaintiffs' expert lacks an adequate factual foundation to conclude that Mr. Macchione's injuries occurred due to an alleged malfunction of the RV's exterior step and, therefore, the expert should be excluded. (ECF No. 74-1 at 15). "An expert's 'conclusions regarding causation must have a basis in established fact and cannot be premised on mere suppositions.'" Montgomery v. CSX Transp., No. SAG-14-1520, 2016 WL 5390809, at *4 (D. Md. Sept. 27, 2016) (quoting McLean v. 988011 Ontario, Ltd., 244 F.3d 797, 801 (6th Cir. 2000)). In response, plaintiffs cite to an exhaustive list of objective facts and evidence that establish the factual basis for plaintiffs' expert's opinion that Mr. Macchione's accident was caused by the malfunctioning RV exterior step. (ECF No. 82 at 8-9). These facts include that: 1) the RV exterior step mounting system, when working properly, would evenly distribute a person's weight as they entered or exited the RV; 2) plaintiffs sought repairs to the RV exterior step multiple times before Mr. Macchione's injuries occurred, but problems with the exterior step persisted; 3) the servicing technician found that the exterior step bolts had pulled through the floor of the RV; and 4) no other causes were identified other than the exterior step mounting system that would have caused Mr. Macchione's fall and subsequent injuries. (Id.) These facts form a sufficient factual basis for plaintiffs' expert's determination that the RV exterior step malfunctioned and failed to properly

hold Mr. Macchione's weight, causing him to fall. Plaintiffs' expert's conclusion that the malfunctioning RV exterior step caused the accident is not premised on "mere suppositions" and, accordingly, the court concludes that plaintiffs have met their burden to show that their expert's testimony "is based on sufficient facts or data." Fed. R. Evid. 702(b).

Defendants make several arguments in support of their Motion in Limine to exclude plaintiffs' expert. These arguments, however, raise questions regarding the weight the jury should assign to the expert's opinion, rather than the admissibility of the expert's opinion. As discussed below, the court concludes that these arguments fall outside of the court's gatekeeping role pursuant to Rule 702 and Daubert and, instead, raise issues for the jury to decide at trial. See McGreevy, 2003 WL 27374140, at *5.

First, defendants seek to exclude plaintiffs' expert because the expert cannot testify with certainty about the events that occurred leading up to Mr. Macchione's accident or the condition of the RV exterior step at the time of the accident. (ECF No. 74-1 at 15). Yet, as plaintiff argues, "it is the jury's role [and not the expert's role] to determine (by a preponderance of the evidence) what occurred." (ECF No. 82 at 12). There is no requirement that expert witnesses must testify with absolute certainty as to how an event occurred or what caused a plaintiff's injuries. See Samuel v. Ford Motor Co., 112 F. Supp. 2d 460, 470 (D. Md. 2000) ("[The Federal Rules of Evidence] do not require the expert to testify with absolute certainty, or without any doubt whatsoever."). Therefore, while defendants can pursue these arguments during their cross-examination of plaintiffs' expert, they are not a basis for exclusion of the expert.

Defendants also maintain that plaintiffs' expert did not provide a meaningful explanation to support his opinion regarding the defective quality and lack of "penetration" of the welds that attached the RV exterior step to the floor of the RV. (ECF No. 74-1 at 15). The court disagrees.

Plaintiffs provide an excerpt from plaintiffs' expert's deposition in which he explains how he concluded that the welds in question were of poor quality. (ECF No. 82 at 14-15). Again, defendants are free to question plaintiffs' expert at trial regarding this explanation and the jury can decide what weight to assign to plaintiffs' expert's opinion.

Defendants argue that plaintiffs' expert did not recreate the series of events that led to Mr. Macchione's injuries. (ECF No. 74-1 at 16). As plaintiffs point out, there is neither a requirement under the Federal Rules nor relevant case law that requires an expert to recreate an accident and, therefore, the fact that plaintiffs' expert did not do so is not a basis upon which to exclude the expert. (ECF No. 82 at 16).

Defendants further assert that plaintiffs' expert's opinion regarding the weakness of the particle board and surrounding frame, both related to the RV exterior step, is speculative because the expert admitted during his deposition that the particle board may have been made of a stronger material. (ECF No. 74-1 at 16). Plaintiffs point to the expert's rebuttal report in which he noted that even if the particle board was made of a stronger material, it would not change his opinion about why Mr. Macchione's accident occurred. (ECF No. 82 at 16). Plaintiffs' expert's opinion is not speculative. Nor does plaintiffs' expert's discussion of other potential causes of Mr. Macchione's accident cause his testimony to be speculative. (ECF No. 74-1 at 16). An expert need not have absolute certainty as to how an event occurred in order to be admissible. See Samuel, 112 F. Supp. at 470.

Defendants argue that plaintiffs' expert provided no rebuttal to defendants' expert's statement that the RV exterior step mounting system performed as intended. (ECF No. 74-1 at 16). Plaintiffs' expert's entire report rebuts this point, however, as he stated that the RV exterior

step mounting system did, in fact, fail to perform as intended and subsequently caused Mr. Macchione to fall when exiting the RV. (ECF No. 82 at 17).

Similarly, the court rejects defendants' argument that plaintiffs' expert did not rebut defendants' expert's opinion that the chassis cut-off switch was not in the "on" position at the time of the accident. (ECF No. 74 at 16-17). Plaintiffs' expert opined that the switch was likely in the "on" position because plaintiff entered and exited the RV multiple times on the day of the accident without incident which meant the step was in the automatic deployment setting and that plaintiff did not change the setting prior to the accident. (ECF No. 82 at 17). Clearly, plaintiffs' expert rebutted, based on his consideration of the evidence, defendants' expert's opinion that the switch was in the "off" position.

Finally, defendants argue that plaintiffs' expert failed to rebut defendants' expert's opinion calling into question the authenticity of the Segaline video and the truth of the statements made in the Walcome video. (ECF No. 74-1 at 17). As plaintiffs observe, however, the video evidence is not the primary basis for plaintiff's expert's opinion. (ECF No. 82 at 19). As a result, the argument that plaintiffs' expert did not rebut defendants' expert's questions regarding the authenticity and veracity of the videos is not a reason to exclude plaintiffs' expert's testimony.[3]

In sum, the court concludes that plaintiffs' expert's report is based on sufficient facts and data and meets the requirements of Rule 702(b). Defendants' arguments as to why plaintiffs' expert should be excluded pertain to the weight to be accorded that opinion, rather than admissibility. Plaintiffs have established the admissibility of plaintiffs' expert's opinion by a

---

[3] Defendants raise, but do not press, an argument regarding the untimeliness of plaintiffs' expert's initial report, supplemental report, and rebuttal reports. (ECF No. 74-1 at 2-3, 7-8). Defendants' timeliness argument is unavailing, given that defendants received all of plaintiffs' expert's reports over one year ago, defendants had the opportunity to thoroughly address these reports in their Motion in Limine, and a trial date has yet to be set.

preponderance of the evidence, Fireman's Fund Ins. Co., 767 F. Supp. 2d at 553, and, accordingly, defendants' Motion in Limine (ECF No. 74) is denied.

### III. MOTION FOR SUMMARY JUDGMENT

Defendants also move for summary judgment, arguing that plaintiffs fail to provide evidence that leads to genuine disputes of material fact regarding their claims of negligence and strict liability. (ECF No. 75-1 at 8-10; ECF No. 85 at 2-7). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is properly considered "material" only if it might affect the outcome of the case under the governing law. Id. The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented. Anderson, 477 U.S. at 252.

In undertaking this inquiry, the court views all facts and draws all reasonable inferences in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue. Celotex, 477 U.S. at 324. A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment. Anderson, 477 U.S. at 252. Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact. Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300 (4th Cir. 2001). Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 252.

Defendants offer three arguments for their assertion that plaintiffs offer no genuine disputes of material fact regarding their negligence and strict liability claims: 1) plaintiffs fail to provide necessary expert testimony; 2) plaintiffs' exhibits submitted with their Opposition to Motion for Summary Judgment are not admissible and should not be considered; and 3) plaintiffs' remaining exhibits and evidence do not create genuine disputes of material fact. (ECF No. 75-1 at 7-10; ECF No. 85 at 2-7). Each of these arguments fail and defendants' Motion for Summary Judgment is denied for the reasons noted below.

First, defendants argue that plaintiffs lack necessary expert testimony to support their claim that the RV exterior step's mounting system malfunctioned and caused Mr. Macchione's fall and subsequent injuries. (ECF No. 75-1 at 8). Under Maryland law,[4] "[t]he general rule is well

---

[4] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

established that expert testimony is . . . required when the subject of the inference is so particularly related to some science or profession that it is beyond the ken of the average layman." Virgil v. "Kash 'N' Karry" Service Corp., 61 Md. App. 23, 31, 484 A.2d 652, 656 (1984).  In this case, as defendants maintain, plaintiffs' argument that the RV exterior step's mounting system malfunctioned is beyond the ability of the average layman to determine.  Therefore, expert testimony is necessary to support plaintiffs' negligence and strict liability claims.  Plaintiffs provide an expert, Mr. Schwartz, to offer expert testimony regarding the alleged failure of the RV exterior step's mounting system.  For the reasons detailed above, the court denied defendants' Motion in Limine to exclude plaintiffs' expert's testimony and, therefore, plaintiffs have provided the necessary expert testimony regarding their negligence and strict liability claims.

Defendants' second argument is that plaintiffs' Exhibits A, B, E, F, and G attached to their Opposition to Motion for Summary Judgment are inadmissible and should not be considered. (ECF No. 85 at 3-7).  "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."  Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993); see also Planmatics, Inc. v. Showers, 137 F. Supp. 2d 616, 620 (D. Md. 2001) ("On a motion for summary judgment, a district court may only consider evidence that would be admissible at trial.").  The first exhibit challenged by defendants is plaintiffs' Exhibit A, photographs of the RV's exterior step (ECF No. 83-2).  These photographs are unauthenticated and, as a result, the court will not consider Exhibit A.  Exhibit B (ECF No. 83-3), emails between Mr. Macchione and Mr. Woodcox, Exhibit F (ECF No. 83-7), Mr. Walcome's statement, and Exhibit G (ECF No. 83-8), notes from a Thor Motor Coach, Inc. mechanic, are all unsworn and unauthenticated, and may

contain hearsay and, therefore, will not be considered by the court on summary judgment.[5]  The court will, however, consider Exhibit E, the sworn statement of Ms. McGinty-Segaline and Mr. Segaline. (ECF No. 83-6).  Defendants argue that Ms. McGinty-Segaline's statements about Mr. Segaline's observation that the RV exterior step was not working following Mr. Macchione's accident constitute hearsay.  This argument fails, however, because Mr. Segaline also signed this sworn statement.  Therefore, the court concludes that, although this statement is written from the perspective of Ms. McGinty-Segaline, Mr. Segaline's signature indicates that Ms. McGinty-Segaline's narrative about what Mr. Segaline observed is accurate.

     Defendants' final argument is that once the challenged exhibits are excluded, plaintiffs do not provide sufficient evidence to establish that there are genuine issues of material fact regarding the cause of Mr. Macchione's accident so as to defeat summary judgment.  (ECF No. 85 at 7).  Even without considering several of plaintiffs' exhibits as detailed above, the court concludes that genuine issues of material fact exist.  Specifically, plaintiffs' deposition testimony about the recurring problems with the RV exterior step prior to Mr. Macchione's accident, Mr. Segaline's sworn statement that the RV exterior step was not working properly after Mr. Macchione's accident, and plaintiffs' expert's proffered testimony, provide adequate evidence to create genuine issues of material fact regarding the cause of Mr. Macchione's fall and subsequent injuries.  In conclusion, viewing all the facts and drawing all reasonable inferences in the light most favorable to plaintiffs, the court concludes that genuine issues of material fact exist and that a reasonable jury could find in plaintiffs' favor.  Therefore, defendants' Motion for Summary Judgment is denied.

---

[5] The court is not resolving the issue of the admissibility at trial of any of the challenged exhibits, but merely concludes that they will not be considered for the purposes of the Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, defendants' Motion in Limine to Exclude Plaintiffs' Expert Harold A. Schwartz, P.E. (ECF No. 74) is DENIED and defendants Thor Motor Coach, Inc. and Delmarva RV Center's Motion for Summary Judgment (ECF No. 75) is DENIED. A separate order will be issued.


March 19, 2021                                           /s/
                                                 Beth P. Gesner
                                                 Chief United States Magistrate Judge